IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ISAIAH HOOD-BEY,<br><br>             Plaintiff,<br><br>   vs.<br><br>CHAD M. BROWN, Judge; KEITH KOLLASCH, Attorney; JESSICA WALKER, OMAHA POLICE DEPARTMENT, DMV, BEAU FINLEY, Judge; MARCELA KEIM, DEREK R. VAUGHN, GRANT A. FORSBERG, THOMAS K. HARMON, STATE OF NEBRASKA, DOUGLAS COUNTY CORRECTIONS, LACEE GERWICK, SADIE ABOOD, KAITLIN HAHN, HALL OF JUSTICE-DOUGLAS, OMAHA, NE, JADYN ANDERSON, DR. ALYSSA BISH, DHHS, PROJECT HARMONY, EMILY KIERSCHT, Teacher; MARIA RODEN, Principal; SUNNY SLOPE ELEMENTARY, OMAHA PUBLIC SCHOOLS, CHI IMANNUEL HEALTH, SCOTT, Officer; TANNER REISS, RAUN L. ELLEB, BENJAMIN WEIDNER, AUSTIN BECK, LUCIANO S. RIZZO, NOAH ZENDEJAS, and DOUGLAS E. JOHNSON,<br><br>             Defendants. | **8:24CV474**<br><br><br>**MEMORANDUM AND ORDER ON MOTION FOR RECONSIDERATION AND MOTION TO EXTEND** |

      This case is before the Court on the *pro se* plaintiff's Motion for Reconsideration, Filing 76, and Motion to Extend, Filing 78. For the reasons below, both motions are denied.

## I. BACKGROUND

      This is now the fourth time in the last month or so that the Court has outlined the following background, but the Court will nevertheless relay it once again. *Pro se* plaintiff Isaiah Hood-Bey filed two separate cases before this Court, Case No. 8:24CV255 and Case No. 8:24CV474, the present case. Between the two cases, Hood-Bey sued 34 defendants in total, naming as defendants government entities, police officers, state court judges, educators, child services specialists, and

even two buildings. Filing 1 (Complaint in 24CV255); Filing 1 (Complaint in 24CV474). Hood-Bey sued seven of those defendants twice. Hood-Bey has filed over 800 pages of documents with this Court, levying disjointed and incomprehensible claims against the defendants. As the Court has explained in prior orders in both cases, all of Hood-Bey's claims appear to arise out of five ongoing state court criminal prosecutions against him. *See State v. Isaiah Hood*, Case No. CR23-6798; *State v. Isaiah R Hood*, Case No. CR24-4952; *State v. Isaiah R Hood*, Case No. CR24-5367; *State v. Isaiah R Hood*, Case No. CR24-20084; *State v. Isaiah R Hood*, Case No. CR25-1622.

The Court dismissed Hood-Bey's first case, 24CV255, on April 22, 2025, because Hood-Bey had repeatedly failed to make timely and proper service of process upon the defendants in that case. Filing 33 at 7 (24CV255). Hood-Bey's second case, 24CV474, suffered from similar issues, and on April 30, 2025, the Court dismissed 18 defendants from that case because Hood-Bey had failed to timely and properly serve them.[1] Filing 75 at 9 (24CV474). In response to the Court's order dismissing the 18 defendants from 24CV474, Hood-Bey filed two motions, a 40-page supplement, a 230-page supplement, and a 55-page supplement. *See* Filing 76 (Motion for Reconsideration); Filing 77 (40-page supplement); Filing 78 (Motion to Extend); Filing 79 (230-page supplement); Filing 80 (55-page supplement) (all 24CV474). Hood-Bey's Motion for Reconsideration asks the Court to "reconsider its prior dismissal of certain defendants in this matter and to reinstate said defendants in this case." Filing 76 at 1 (24CV474). His Motion to Extend seeks "a limited extension of time, not for the purpose of further service, but solely to permit submission of additional documentary evidence in support of proper service and notice

---

[1] In an April 22, 2025, order, the Court ruled on three Motions to Dismiss filed by 15 defendants in 24CV474. Filing 73 (24CV474). The Court concluded in that order that only a single claim against a single moving defendant survived the motion to dismiss stage. Filing 73 at 31–32 (24CV474). The 15 defendants addressed in Filing 73 (24CV474) are distinct from the 18 defendants dismissed in Filing 75 (24CV474). Hood-Bey's current motions—Motion for Reconsideration, Filing 76 (24CV474), and Motion to Extend, Filing 78 (24CV474)—only challenge the Court's decision related to the 18 unserved defendants.

upon defendants, as referenced in related filings." Filing 78 at 1 (24CV474). The Court will consider these motions below, but first the Court will detail its previous efforts to notify Hood-Bey of his obligation to properly and timely serve the defendants in his two cases.[2]

### A. The First Notification

Hood-Bey's first notification came in January 2025 when United States Magistrate Judge Michael D. Nelson addressed Hood-Bey's failure to properly serve the defendants in 24CV255. Filing 18 (24CV255). In a show cause order, Judge Nelson explained to Hood-Bey that Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Filing 18 at 1 (24CV255) (quoting Fed. R. Civ. P. 4(m)). Although Judge Nelson had previously extended Hood-Bey's deadline to complete service of process beyond Rule 4(m)'s 90 days, Hood-Bey failed to properly serve the defendants within that extended period. Filing 8 (Text Order); Filing 18 at 1 (both 24CV255). After Judge Nelson reviewed various summonses purportedly returned executed and various summonses returned unexecuted that Hood-Bey had filed on the docket for 24CV255, Judge Nelson warned Hood-Bey that he had not properly accomplished service upon any defendant. Filing 18 at 1 (24CV255). Judge Nelson pointed Hood-Bey to the Nebraska statutes governing service of process, including Neb. Rev. Stat. § 25-510.02 (service on state, state agency, or political subdivision), Neb. Rev. Stat. § 25-511 (service on state

---

[2] As the Court explained in a prior order, Hood-Bey frequently conflates 24CV255 and 24CV474 in his filings. Filing 75 at 7–8 (24CV474). *See, e.g.,* Filing 34 (24CV255) (Motion to Extend filed on the docket for 24CV255 but given the case number "8:24CV00474" by Hood-Bey); Filing 74 (24CV474) (Motion to Extend filed on the docket for 24CV474 and given the case number "8:24cv00474" by Hood-Bey, but listing only the eight defendants from 24CV255 in the caption); Filing 20-1 (24CV255) (Motion for Default Judgment filed on the docket for 24CV255 but explaining the incidents leading Hood-Bey to file 24CV474); Filing 29 (24CV255) (Motion for Default Judgment filed on the docket for 24CV255 but taking issue with the conduct of attorneys for defendants in 24CV474). As before, the Court finds it very unlikely that Hood-Bey understood any of this Court's orders in either case to operate in isolation.

employee), and Neb. Rev. Stat. § 25-508.01 (service on individual). Filing 18 at 1–2 (24CV255).

Judge Nelson also reminded Hood-Bey that even though he was proceeding *pro se*, he "must

nevertheless comply with local rules, court orders, and the Federal Rules of Civil Procedure."

Filing 18 at 2 (24CV255) (citing *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856

(8th Cir. 1996), and *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002)).

### B. The Second Notification

On April 22, 2025, this Court entered an order in 24CV255 that served as Hood-Bey's

second notification of his obligation to comply with Rule 4(m) and with the specific Nebraska

statutes governing service of process. Filing 33 (24CV255). In that order, the Court addressed

Hood-Bey's attempt to demonstrate good cause for his failure to comply with Rule 4(m). Filing

33 at 6–7 (24CV255). Hood-Bey's primary excuse for untimely service was that the defendants

had used "bad-faith evasion tactics" to "actively dodge[ ] service at every turn." Filing 20-1 at 4

(24CV255). The Court noted, however, that the certified mail attempts Hood-Bey accused the

defendants of dodging were the very same certified mail service attempts Judge Nelson had

previously explained were insufficient under Nebraska state law. Filing 33 at 6 (24CV255). For

the second time, the Court pointed Hood-Bey to the relevant Nebraska statutes governing service

of process, namely Neb. Rev. Stat. §§ 25-510.02, 25-511, and 25-508.01. The Court also reiterated

Rule 4(m)'s requirements and reminded Hood-Bey that his *pro se* status did not excuse him from

complying with local rules, court orders, and the Federal Rules of Civil Procedure. Filing 33 at 4–

5 (24CV255). Because Hood-Bey had not properly served any defendant in 24CV255 within the

time provided by Rule 4(m), the Court dismissed 24CV255 in its entirety and without prejudice.

Filing 33 at 7 (24CV255).

### C. The Third Notification

The Court also entered an order in 24CV474 on April 22, 2025, and this order also expressed the Court's concerns with Hood-Bey's attempted service of process. Filing 73 (24CV474). Hood-Bey had filed summonses purportedly returned executed on all the defendants in 24CV474, but the Court's review of the summonses revealed that Hood-Bey had not properly or timely accomplished service on 18 of those defendants. Filing 73 at 35 (24CV474). The Court informed Hood-Bey of this fact and once again directed him to the pertinent Nebraska statutes— Neb. Rev. Stat. §§ 25-510.02, 25-511, and 25-508.01. Filing 73 at 35 (24CV474). This time, the Court also explicitly reminded Hood-Bey that Neb. Rev. Stat. § 25-505.01(1)(c) sets forth the requirements for service by certified mail, including the requirement that "proof of service with the signed receipt attached" must be filed with the Court. Filing 73 at 35 (24CV474). As before, the Court explained to Hood-Bey that despite his *pro se* status, he was required to comply with local rules, court orders, and the Federal Rules of Civil Procedure. Filing 73 at 13–14 (24CV474). After noting Rule 4(m)'s requirements—including its requirement that "if the plaintiff shows good cause for the failure [to timely make service], the court must extend the time for service for an appropriate period"— the Court gave Hood-Bey an opportunity to show good cause why he had not made timely, proper service on the 18 nonmoving defendants in 24CV474. Filing 73 at 35 (24CV474) (quoting Fed. R. Civ. P. 4(m)).

### D. The Fourth Notification

The Court dismissed the 18 nonmoving defendants from 24CV474 in an April 30, 2025, order that simultaneously served as Hood-Bey's fourth notification of his obligation to comply with Rule 4(m) and the Nebraska statutes governing service of process. Filing 75 (24CV474). In that order, the Court rejected Hood-Bey's argument that he had "good cause" for his failure to timely and properly serve the 18 defendants. Filing 75 at 6–8 (24CV474). Hood-Bey's good cause

argument turned on the fact that he "believed" he had properly served the defendants because his "documents were accepted by the Court," he "made the filing deadlines," and "at no point was [he] notified that [his] service procedure was improper." Filing 74 at 2 (24CV474). In concluding that Hood-Bey had not demonstrated good cause, the Court noted that under Eighth Circuit Court of Appeals case law—case law of which Hood-Bey had been informed on three separate occasions, Filing 18 at 2 (24CV255); Filing 33 at 4–5 (24CV255); Filing 73 at 13–14 (24CV474)—Hood-Bey was required to do more than simply "believe" he had followed proper procedure. He was required to actually comply with procedural requirements. Filing 75 at 6 (24CV474). The Court also explained that Hood-Bey's obligation to comply with the Federal Rules of Civil Procedure existed regardless of whether the Court affirmatively notified him that the rules applied to his cases. Filing 75 at 7 (24CV474) (quoting *Bennett*, 295 F.3d at 808). Finally, the Court reminded Hood-Bey that he had indeed been notified that his service attempts were improper on multiple occasions across both of his cases—the very same notifications the Court has recounted in detail here. Filing 75 at 7–8 (24CV474).

Like each previous order, the Court's April 30 order directed Hood-Bey to the Nebraska statutes prescribing the methods for serving the non-moving defendants, pointing him to Neb. Rev. Stat. §§ 25-510.02, 25-511, 25-508.01, and 25-505.01(1)(c). Filing 75 at 3, 4, 7 (24CV474). Although the Court specifically mentioned that Hood-Bey had consistently failed to comply with Neb. Rev. Stat. § 25-505.01(1)(c)'s requirement of "filing with the court proof of service with the signed receipt attached," the Court did not indicate that Hood-Bey's failures were confined to that provision alone. Filing 75 at 7 (24CV474). The Court ultimately concluded that because Hood-Bey "ha[d] ample notice of a defect in service, d[id] not attempt an obvious correction, and cho[se] to defend the validity of the service attempted," he had not demonstrated good cause for his failure

6

to timely and properly serve the 18 defendants under Rule 4(m). Filing 75 at 9 (24CV474) (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)). As a result, the Court dismissed the 18 unserved defendants from 24CV474. Filing 75 at 9 (24CV474).

## II.  ANALYSIS

### A.  Motion for Reconsideration

#### 1.    *Hood-Bey's Arguments*

It is against this backdrop that Hood-Bey asks the Court to reconsider its April 30 order dismissing the 18 defendants from 24CV474. Filing 76 at 1 (24CV474). Hood-Bey brings his Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b). Filing 76 at 1 (24CV474). Specifically, Hood-Bey cites Rule 60(b)(1) and Rule 60(b)(2) as the suggested grounds for reconsideration, asserting "that this ruling was made under a mistaken belief [Rule 60(b)(1)] and/or incomplete record, and newly discovered evidence has come to light which rectifies this factual misunderstanding [Rule 60(b)(2)]." Filing 76 at 1 (24CV474). Hood-Bey argues that he "has located the executed civil summons receipts bearing the signatures of the relevant defendants or their agents, evidencing proper and timely service in accordance with the Federal Rules." Filing 76 at 2 (24CV474). Hood-Bey characterizes these "signed receipts"—which he attaches to the Motion as "Exhibit A" and seemingly also re-files as a separate exhibit, Filing 77 (24CV474)—as "newly discovered evidence" under Rule 60(b)(2) because they "were recently rediscovered in [his] personal records." Filing 76 at 2 (24CV474). According to Hood-Bey, "[t]he receipts confirm compliance with applicable service rules and deadlines" and demonstrate that he "acted in good faith throughout this litigation." Filing 76 at 2 (24CV474). As a result, Hood-Bey

"respectfully requests that the Court vacate the portion of its April 22, 2025 Order[3] which dismissed the following defendants on the basis of insufficient service: [Insert names of defendants dismissed on this ground]." Filing 76 at 2 (24CV474) (bracketed text in the original).

At the end of his Motion for Reconsideration, Hood-Bey includes a two-page document titled "Motion to Show Good Cause for Delay in Submitting Evidence of Service." Filing 76-28 (24CV474). This document appears to be a continuation of Hood-Bey's reconsideration arguments, as in it he "seeks to explain the reason[s] for the delayed presentation of proof of service and prays the Court take[s] this context into fair consideration." Filing 76-28 at 1 (24CV474). Hood-Bey also reiterates in this document that "[o]nly recently did he recover and organize the original signed service receipts from his files." Filing 76-28 at 1 (24CV474). He requests the same relief in his addendum motion as in his Motion for Reconsideration: that the Court would "reinstate the improperly dismissed defendants." Filing 76-28 at 2 (24CV474). Accordingly, the Court considers this "Motion to Show Good Cause" to be an extension of Hood-Bey's Motion for Reconsideration.

### 2. Standards for a Motion for Reconsideration

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (citation omitted). However, the Eighth Circuit has

---

[3] The Court's April 22 order, Filing 73 (24CV474), did not dismiss any defendants on Rule 4(m) grounds. Instead, that order simply informed Hood-Bey that "[a]bsent a motion for an extension of time for leave to serve the remaining 18 defendants demonstrating good cause, [his] claims against those defendants will be dismissed in seven days from the date of this order." Filing 73 at 37 (24CV474). The Court's April 30 order, Filing 75 (24CV474), dismissed the 18 defendants. As a result, the Court treats Hood-Bey's Motion for Reconsideration as seeking reconsideration of the April 30 order.

explained, "Rule 59(e) motions are motions to alter or amend a *judgment*, not any nonfinal order." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (emphasis in the original); *Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 n.2 (8th Cir. 2021) (noting that a motion under Rule 59(e) "is reserved for final judgments"). The Eighth Circuit has stated that it "construes motions for reconsideration of non-final orders as motions under Rule 60(b). . . ." *Kohlbeck*, 7 F.4th at 734 n.2 (citing *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018)). Hood-Bey has correctly characterized his Motion for Reconsideration as one under Rule 60(b). Filing 76 at 1 (24CV474).

Rule 60(b) provides,

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>>
>> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> **(4)** the judgment is void;
>>
>> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Eighth Circuit has elaborated on these standards as follows:

> Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quotation omitted); *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (per curiam). "We will reverse a district court's ruling on a Rule 60(b) motion only if there was a clear abuse of the court's broad discretion." *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 807 (8th Cir. 2002). Relevant here, "[a]n error of law is necessarily an abuse of discretion." *City of*

*Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013).

*Williams*, 891 F.3d at 706; *accord Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) ("[Federal] Rule [of Civil Procedure] 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." (quoting *In re Levaquin Prod. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014))).

Thus, "[i]n the civil context, [the Eighth Circuit] has been clear that a motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence.'" *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (quoting *Bradley Timberland Res. V. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)); *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) ("Motions for reconsideration [pursuant to Rule 60(b)] serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988))). Rule 60(b) motions are not appropriate simply to reargue the merits of a claim or prior motion. *Broadway*, 193 F.3d at 989–90 ("In their 'motion for reconsideration,' defendants did nothing more than reargue, somewhat more fully, the merits of their claim of qualified immunity. This is not the purpose of Rule 60(b). It authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like). It is not a vehicle for simple reargument on the merits. This ground alone is sufficient to prevent a holding that the District Court abused its discretion in denying the motion.").

### 3.    *Reconsideration Is Not Warranted*

Hood-Bey has not identified any "manifest errors of law or fact" requiring correction. *Luger*, 837 F.3d at 875. He also has not demonstrated the sort of "exceptional circumstances" that may warrant the "extraordinary relief" that Rule 60(b) provides. *Wagstaff & Cartmell, LLP*, 40

F.4th at 842 (internal quotation marks and citation omitted). Instead, Hood-Bey has flooded the Court with well over 300 pages of documents—many of them redundant, more than a few of them irrelevant—in an attempt to demonstrate that his initial efforts at serving the 18 dismissed defendants were proper all along. The Court is not persuaded.

### a. Hood-Bey Has Not Presented Newly Discovered Evidence

One of Hood-Bey's grounds for reconsideration is Rule 60(b)(2)'s "newly discovered evidence" ground, but Hood-Bey has not presented the Court with any newly discovered evidence. Fed. R. Civ. P. 60(b)(2) (identifying as a ground for relief from a non-final order "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)").

Hood-Bey attached 27 exhibits to his Motion for Reconsideration. Filing 76-1 through Filing 76-27 (all 24CV474). The day after he filed his Motion for Reconsideration, he filed 32 additional exhibits, presumably in further support of reconsideration. Filing 77; Filing 77-1 through Filing 77-31 (all 24CV474). Ten days later, he filed 140 more exhibits, again presumably in support of reconsideration. Filing 79; Filing 79-1 through Filing 79-139 (all 24CV474). On May 28, 2025, Hood-Bey filed an additional 16 exhibits, once again presumably in support of his Motion for Reconsideration. Filing 80; Filing 80-1 through Filing 80-15 (all 24CV474). Of these 215 exhibits that Hood-Bey claims are "newly discovered," only 97 actually relate to the 18 defendants dismissed in the Court's April 30 order.[4] Of the 97 relevant exhibits, at least 34 are exact duplicates of each other, while others are duplicated in part. *See, e.g.*, Filing 76-19; Filing 77-26; Filing 79-30; Filing 79-31 (all 24CV474) (identical copies of the same exhibit). *See also*

---

[4] 87 of the exhibits that Hood-Bey filed with or following his Motion for Reconsideration pertain to individuals who have already been dismissed as defendants, who never challenged service of process, or who were never named as defendants in the first place. An additional 31 exhibits filed by Hood-Bey have nothing to do with the service of any person—defendant or not.

11

Filing 76-26 at 7; Filing 77 at 7; Filing 79-21 at 1 (all 24CV474) (the same unsigned certified mail receipt for "Department of Motor Vehicles (DMV)" appears in all three exhibits).

Disregarding the irrelevant and redundant exhibits leaves just over 60 exhibits that Hood-Bey characterizes as "newly discovered evidence," but the majority of these exhibits are not new at all—most were filed at least once before the Court's April 22 order informed Hood-Bey that he had not properly or timely served the 18 defendants, and some of the exhibits were filed as many as twenty separate times before that order.[5] To the extent very few exhibits are actually new to the docket, they still are not "newly discovered evidence" under Rule 60(b)(2) because they were not "previously unavailable" to Hood-Bey. *Luger*, 837 F.3d at 875 (quoting *Anthony v. Runyon*, 76 F.3d 210, 215 (8th Cir. 1996)). Instead, all of the relevant and nonredundant exhibits filed by Hood-Bey in support of his Motion for Reconsideration are dated months before the Court's April 30 order dismissing the 18 unserved defendants, and Hood-Bey himself admits that these exhibits were already in his possession. Filing 76 at 2 (24CV474) ("I retained the executed receipts of service bearing signatures and dates of delivery, which were recently rediscovered in my personal records."). As the Eighth Circuit has explained, "[a] motion for reconsideration should not be used as a vehicle to present evidence that was available when the matter was initially adjudicated." *Luger*, 837 F.3d at 875.

---

[5] For example, Filing 79-49 is a document containing photocopies of five unsigned certified mail receipts, all addressed to defendant Kaitlin Hahn, but all with different tracking numbers. Filing 79-49 (24CV474). One of the receipts—the receipt with tracking number 9589 0710 5270 2181 8716 43—was included in twenty separate documents filed before the Court's April 22 order. *See* Filing 33 at 6; Filing 34 at 6; Filing 35 at 9; Filing 36 at 6; Filing 37 at 9; Filing 38 at 9; Filing 39 at 6; Filing 40 at 6; Filing 41 at 6; Filing 42 at 6; Filing 43 at 6; Filing 44 at 6; Filing 45 at 6; Filing 46 at 6; Filing 47 at 6; Filing 48 at 6; Filing 49 at 6; Filing 50 at 6; Filing 51 at 6; Filing 52 at 6 (all 24CV474). This same pattern is true for at least seven other unsigned certified mail receipts filed by Hood-Bey following his Motion for Reconsideration, all of which were also filed at least twenty separate times before the Court's April 22 order.

b.   Hood-Bey Has Not Demonstrated Excusable Mistake

Hood-Bey also has not demonstrated that pursuant to Rule 60(b)(1), "mistake" is a proper ground for reconsideration of the Court's order dismissing the 18 defendants. Fed. R. Civ. P. 60(b)(1) (identifying as a ground for relief from a non-final order "mistake, inadvertence, surprise, or excusable neglect"). Although Hood-Bey argues that the Court's April 30 order was made "under a mistaken belief and/or incomplete record," he does not identify what that mistaken belief was or who allegedly held it. Filing 76 at 1 (24CV474). To the extent Hood-Bey argues that he mistakenly believed he had properly and timely served the 18 defendants, such a "mistake" was not excusable where Hood-Bey was obligated to comply with local rules, court orders, and the Federal Rules of Civil Procedure, and where the Court had informed Hood-Bey on four separate occasions that his attempted service was insufficient under Nebraska law. *See Bennett*, 295 F.3d at 808; *see also* Filing 18 (24CV255); Filing 33 (24CV255); Filing 73 (24CV474); Filing 75 (24CV474). To the extent Hood-Bey implies that the Court was mistaken in dismissing the 18 defendants for improper and untimely service because the Court had not yet considered the 215 exhibits Hood-Bey filed with his Motion for Reconsideration, the Court rejects that implication for the reasons explained in Section II.A.3.a above. In any event, as the following discussion demonstrates, the Court was not mistaken in dismissing the 18 defendants in its April 30 order.

1.   The State Defendants

Defendants Chad M. Brown, Beau Finley, Marcela Keim, Derek R. Vaughn, Grant A. Forsberg, Thomas K. Harmon, Sadie Abood, Kaitlin Hahn, Jadyn Anderson, and Alyssa Bish are all state employees sued in their individual capacities. *See* Filing 1 at 75, 86–87 (24CV474). Defendant the State of Nebraska is clearly a state defendant, and defendants DMV and DHHS are state agencies. Under Nebraska law, Hood-Bey was required to either leave the summons for each of these state defendants "at the office of the Attorney General with the Attorney General, deputy

attorney general, or someone designated in writing by the Attorney General" or to serve the summons for each of these state defendants "by certified mail or designated delivery service addressed to the office of the Attorney General." Neb. Rev. Stat. § 25-510.02(1) (dictating requirements for serving the State of Nebraska and any state agency); Neb. Rev. Stat. § 25-511 (providing that to serve an employee of the state in his or her individual capacity, the plaintiff must "serv[e] the employee under section 25-508.01" *and also* "serv[e] the state under section 25-510.02"); *Anthony K. v. State*, 855 N.W.2d 802, 810 (Neb. 2014) (explaining that "the plaintiffs had to request a separate summons and complaint for each defendant and send all the summonses and complaints to the Attorney General").

It is clear that Hood-Bey attempted to serve these thirteen state defendants by certified mail. However, Hood-Bey has not properly served the state defendants under any of the applicable Nebraska statutes because he has not served a summons for each of these defendants "by certified mail . . . addressed to the office of the Attorney General." Neb. Rev. Stat. § 25-510.02(1); Neb. Rev. Stat. § 25-511. None of the unsigned certified mail receipts or signed "proof of delivery" documents[6] that Hood-Bey has submitted for the state employee defendants are addressed to the

---

[6] These "proof of delivery" documents are addressed to "[I]saiah Hood" from the United States Postal Service and provide information under three main section headings: "Item Details," "Shipment Details," and "Recipient Signature." *See, e.g.*, Filing 76-1 (24CV474). The proof of delivery documents contain recipient signatures, but nothing on the face of these documents indicates the identity or address of the signing recipient. The only identifying information on these documents are tracking numbers which coordinate to similar numbers on the unsigned certified mail receipts. *Compare* Filing 76-26 at 6 (unsigned certified mail receipt addressed to "The State of Nebraska" with the tracking number 9589 0710 5270 2181 8773 24), *with* Filing 76-20 (proof of delivery document with the tracking number 9589 0710 5270 2181 8773 24), *and* Filing 77-27 (proof of delivery document with tracking number 9589 0710 5270 2181 8773 24 and filed by Hood-Bey as "[Exhibit] #27 Signature Confirmation for State of Nebraska") (all 24CV474).

Although the proof of delivery documents are signed, many of the proof of delivery documents bear identical signatures. For example, an individual named "Lisa" signed as the recipient of the certified mail service for defendants Sadie Abood, Kaitlin Hahn, Jadyn Anderson, and the DHHS. Filing 77-5; Filing 77-6; Filing 77-7; and Filing 77-30 (all 24CV474). Similarly, an individual named "Brad" signed as the recipient of the certified mail service for defendants Chad M. Brown, Derek R. Vaughn, and Hall of Justice-Douglas, Omaha, NE. Filing 77-9; Filing 77-20; and Filing 77-26 (all 24CV474). An identical signature also appears in the "Signature of Recipient" section on the proof of delivery documents for defendants Grant A. Forsberg, Beau Finley, and Thomas K. Harmon. Filing 77-18;

office of the Attorney General, meaning that even if Hood-Bey had properly served the state employee defendants under Neb. Rev. Stat. § 25-508.01, he still has not properly or timely served the state employee defendants under Neb. Rev. Stat. § 25-510.02(1). *See* Neb. Rev. Stat. § 25-511 (requiring service upon both the state employee and the Attorney General for proper service to be made on a state employee sued in his or her individual capacity). Neither the unsigned certified mail receipt nor the signed proof of delivery document that Hood-Bey filed for the State of Nebraska is addressed to the office of the Attorney General, meaning that he also has not properly or timely served the State under Neb. Rev. Stat. § 25-510.02(1). Similarly, none of the unsigned certified mail receipts or signed proof of delivery documents that Hood-Bey submitted for the state agency defendants are addressed to the office of the Attorney General, meaning once again that he has not properly or timely served the state agency defendants under Neb. Rev. Stat. § 25-510.02(1).

Hood-Bey did include among the 140 exhibits in Filing 79 (24CV474) an unsigned certified mail receipt and an unsigned "USPS Tracking" document associated with "Attn. Gen. Mike Hilgers." Filing 79-105; Filing 79-118 at 1 (both 24CV474). Unlike the USPS Tracking document, the certified mail receipt does appear to be addressed to the office of the Attorney General, but the receipt is not signed in compliance with Neb. Rev. Stat. § § 25-505.01(1)(c) and Hood-Bey filed the receipt—dated June 18, 2024—for the first time in May 2025, months after his 90-day service deadline had passed. The Court has already explained above that although these exhibits are new to the docket, they are not "newly discovered evidence" under Rule 60(b)(2). *See Luger*, 837 F.3d at 875. Moreover, Hood-Bey was required to serve the summons for *each* state defendant by certified mail addressed to the office of the Attorney General, *see Anthony K.*, 855

---

Filing 77-25; and Filing 77-28 (all 24CV474). The Court is not inclined to ignore these obvious deficiencies in the proof of delivery documents but as the Court explains in its analysis, Hood-Bey's attempted service on these defendants fails for reasons far beyond any issues with the recipient signatures alone.

N.W.2d at 810, and he has not indicated anywhere that this single attempted service on the Attorney General applied to any of the thirteen state defendants. In fact, it appears that Hood-Bey intended to serve the Attorney General himself—even though the Attorney General is not a defendant in either of Hood-Bey's cases—because the unsigned certified mail receipt that Hood-Bey filed appears in a document with 15 other unsigned certified mail receipts, the majority of which are addressed to non-defendants like the governor of Nebraska and the "United Nations Headquarters." Filing 79-118 (24CV474).

In light of all this, the Court was not mistaken in dismissing the thirteen state defendants for failure to make timely and proper service.

### 2.    The Douglas County Defendants

The Court also was not mistaken in dismissing defendants Douglas County Corrections; Hall of Justice-Douglas, Omaha, NE; and Lacee Gerwick.

Under Neb. Rev. Stat. § 25-510.02, "[a]ny political subdivision" of the State of Nebraska may be served "by certified mail or designated delivery service to the principal office of the political subdivision." Neb. Rev. Stat. § 25-510.02(3). Under Neb. Rev. Stat. § 13-903, "political subdivisions" have "governing bodies" and include "villages, cities of all classes, counties, school districts, learning communities, public power districts, and all other units of local government." Neb. Rev. Stat. § 13-903(1) and (2). *See also Griggs v. Douglas Cnty. Corr. Ctr.*, No. 8:07CV404, 2008 WL 1944557, *1 (D. Neb. Apr. 29, 2008) ("[A]lthough a county corrections department may be considered a 'unit of local government' under Neb. Rev. Stat. § 13-903, 'it is clear that the Nebraska Legislature defined "political subdivisions" as those units of local government having "governing bodies" with the power and authority to appropriate funds and to make expenditures.'" (quoting *Meyer v. Lincoln Police Dep't*, 347 F.Supp.2d 706, 707 (D. Neb. Dec. 14, 2004))).

Although Douglas County Corrections and Hall of Justice-Douglas, Omaha, NE, are located in Douglas County, Nebraska, both defendants are buildings—not political subdivisions that can be sued. *See Griggs*, No. 8:07CV404, 2008 WL 1944557, at *2 ("Douglas County Corrections Center is merely a building, ran by an agency of the political subdivision Douglas County."); *Dan v. Douglas Cnty. Dep't. of Corr.*, No. 8:06CV714, 2009 WL 483837, *3 (D. Neb. Feb. 25, 2009) (explaining that the Douglas County Department of Corrections is "an agency of a political subdivision [that] cannot be sued because 'it has no separate legal status under Nebraska law.'" (quoting *Meyer*, 347 F.Supp.2d at 707)). To the extent Hood-Bey intended to sue Douglas County, the Court pointed him to Neb. Rev. Stat. § 25-510.02 in four separate orders and informed him each time that he had not complied with that statute. Filing 18 at 1–2 (24CV255); Filing 33 at 4 (24CV255); Filing 73 at 35 (24CV474); Filing 75 at 3 (24CV474). Hood-Bey has altogether failed to demonstrate that it was a mistake for the Court to dismiss Douglas County Corrections and Hall of Justice-Douglas, Omaha, NE.

The same is true regarding defendant Lacee Gerwick. Gerwick is an employee of Douglas County and was sued in her individual capacity. *See* Filing 1 at 76, 87 (24CV474). Nebraska law permits an individual party to be served by certified mail and "does not require service to be sent to the defendant's residence or restrict delivery to the addressee." *Anthony K.*, 855 N.W.2d at 811 (citing Neb. Rev. Stat. §§ 25-508.01(1) and 25-505.01). However, "due process requires notice to be reasonably calculated to apprise interested parties of the pendency of the action and to afford them the opportunity to present their objections." *Id.* In *Anthony K. v. State*, the Nebraska Supreme Court concluded that 18 defendants—all employees of DHHS—were not properly served in their individual capacities by certified mail to their employer because a single employee signed the certified mail receipts for all the defendants as part of his duties for DHHS, and this signing

17

employee was not a family member of any defendant, did not reside with any defendant, and was not an appointed agent or otherwise designated agent of any defendant. 855 N.W.2d at 811 ("We conclude that service by certified mail at DHHS was not reasonably calculated to notify the defendants, in their individual capacities, of the lawsuit." (internal quotation marks and citation omitted)).

Hood-Bey attempted to serve Gerwick by certified mail, but he did not do so in a way that was "reasonably calculated to apprise [Gerwick] of the pendency of the action and to afford [her] the opportunity to present [her] objections." *Anthony K.*, 855 N.W.2d at 811. Although Hood-Bey apparently attempted certified mail service on Gerwick twice, the first attempt is addressed simply to "Lacee" at an address that does not exist—evidenced by an unsigned proof of delivery document stating that the postal service was "unable to locate any delivery information" regarding that attempt and a "USPS Tracking" document alerting Hood-Bey to initiate a "Missing Mail Search Request" for the delivery. Filing 79-53 (unsigned certified mail receipt addressed simply to "Lacee"); Filing 79-50 (unsigned proof of delivery document); Filing 79-52 (USPS Tracking document) (all 24CV474).

The second attempt at certified mail service is addressed to "Lacee K. Gerwick" at "710 South 17th St, Omaha, Nebraska, 68102," which is the address for the Douglas County Department of Corrections. Filing 79-53 (24CV474). This certified mail receipt has not been signed, as required by Neb. Rev. Stat. § 25-505.01(1)(c). Although Hood-Bey filed a signed proof of delivery document associated with the second certified mail service attempt, that document indicates that the summons intended for Gerwick was delivered to the "Front Desk/Reception/Mail Room" of the Douglas County Department of Corrections. Filing 79-51 (24CV474). The signature on the proof of delivery document for Gerwick's summons is identical to the signature on the proof of

delivery document for Hood-Bey's attempted service on Douglas County Corrections, and neither signature even remotely resembles Gerwick's name. *Compare* Filing 79-51 (signature on proof of delivery document for Gerwick), *with* Filing 79-14 (signature on proof of delivery document for Douglas County Corrections) (both 24CV474). That the second attempted certified mail service on Gerwick was apparently addressed to her employer, delivered to the Front Desk/Reception/Mail Room of her employer, and signed with the same signature that appears on a separate summons delivered to her employer, when taken together with the fact that she has not entered an appearance in 24CV474, indicates that the method of service chosen by Hood-Bey was not reasonably calculated to notify Gerwick that she had been sued in her individual capacity. *Anthony K.*, 855 N.W.2d at 811. The Court thus properly dismissed defendant Gerwick in its April 30 order.

### 3.    Defendants Project Harmony and CHI Immanuel Health

The Court also properly dismissed defendants Project Harmony and CHI Immanuel Health. Under Neb. Rev. Stat. § 25-509.01, Hood-Bey was permitted to serve these defendants by certified mail "upon any officer, director, managing agent, or registered agent" or by certified mail "to the corporation's registered office." Neb. Rev. Stat. § 25-509.01. By choosing certified mail service, Hood-Bey was also required to comply with Neb. Rev. Stat. § 25-505.01(1)(c), which instructs him to file with the Court proof of service with the signed certified mail receipt attached.

Although Hood-Bey apparently sent certified mail service to Project Harmony at its registered office, Filing 79-70 (24CV474), he has not submitted any proof of service with a signed certified mail receipt attached. At best, Hood-Bey has filed a "USPS Tracking" document indicating that his attempted service had been "Delivered, Front Desk/Reception/Mail Room." Filing 79-69 (24CV474). However, this "USPS Tracking" document is not signed, nor does it contain the address to which service was purportedly delivered. Filing 79-69 (24CV474). Hood-Bey also filed the "USPS Tracking" document for the first time after he filed his Motion for

Reconsideration even though the document was dated February 20, 2025. Filing 79-69 (24CV474). As before, this "USPS Tracking" document—although new to the docket—is not "newly discovered evidence" under Rule 60(b)(2). *See Luger*, 837 F.3d at 875.

Finally, Hood-Bey attempted to serve defendant CHI Immanuel Health by certified mail on two separate occasions, but neither service attempt was addressed to an officer, director, managing agent, or registered agent of the corporation or to the corporation's registered office. Filing 79-13 (24CV474). As a result, the Court's April 30 order properly dismissed both Project Harmony and CHI Immanuel Health.

### c. Summary

In sum, Hood-Bey has not pointed to a "manifest error[ ] of law or fact" in the Court's April 30 order dismissing the 18 defendants for failure to make proper service within the time provided by Federal Rule of Civil Procedure 4(m), nor has Hood-Bey presented any "newly discovered evidence" supporting reconsideration. *Luger*, 837 F.3d at 875. Hood-Bey's Motion for Reconsideration is denied.

### B. Motion to Extend

The day after he filed his Motion for Reconsideration, Hood-Bey also filed a Motion to Extend. Filing 78 (24CV474). Hood-Bey requests "a limited extension of time, not for the purpose of further service, but solely to submit submission of additional documentary evidence in support of proper service and notice upon defendants." Filing 78 at 1 (24CV474). Hood-Bey asks for "an extension of twenty-one (21) days from the date of this filing to submit the full set of certified mail documents and related evidence, and that the Court accept such forthcoming evidence as timely filed." Filing 78 at 2 (24CV474) (emphasis removed).

Hood-Bey should have made proper service upon the 18 defendants within the time provided by Rule 4(m), meaning his "full set of certified mail documents and related evidence"

should have been filed within that same time frame. The Court explained this time frame to Hood-Bey in four separate orders and in each order, the Court reminded Hood-Bey that he was obligated to comply with local rules, court orders, and the Federal Rules of Civil Procedure even though he was proceeding *pro se*. Hood-Bey's failure to comply with such rules and orders is self-inflicted, and his Motion to Extend is denied.

Finally, this Court previously gave notice to Hood-Bey that he could be found personally financially responsible for continuing to file frivolous lawsuits and documents. Filing 33 at 2 (24CV255); Filing 73 at 3 (24CV474). Despite this, Hood Bey continues to waste government time and electronic filing space by filing the same copies of documents that have no bearing on issues to be decided. Hood Bey is reminded that his actions can have significant consequences. *See Caranchini v. Nationstar Mortg., LLC*, 97 F.4th 1099, 1103 (8th Cir. 2024) (discussing a district court's options to sanction frivolous claims or filings); *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (noting that a district court may "provide limitations or conditions on the filing of future suits" when a litigant files "non-meritorious actions for obviously malicious purposes and [ ] generally abuses judicial process" (internal citations omitted)).

### III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that

1. Hood-Bey's Motion for Reconsideration, Filing 76, is denied; and

2. Hood-Bey's Motion to Extend, Filing 78, is denied.

Dated this 3rd day of June, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge