IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ISAIAH HOOD-BEY,

Plaintiff,

vs.

CHAD M. BROWN, Judge; KEITH
KOLLASCH, Attorney; JESSICA WALKER,
OMAHA POLICE DEPARTMENT, DMV,
BEAU FINLEY, Judge; MARCELA KEIM,
DEREK R. VAUGHN, GRANT A.
FORSBERG, THOMAS K. HARMON, STATE
OF NEBRASKA, DOUGLAS COUNTY
CORRECTIONS, LACEE GERWICK, SADIE
ABOOD, KAITLIN HAHN, HALL OF
JUSTICE-DOUGLAS, OMAHA, NE, JADYN
ANDERSON, DR. ALYSSA BISH, DHHS,
PROJECT HARMONY, EMILY KIERSCHT,
Teacher; MARIA RODEN, Principal; SUNNY
SLOPE ELEMENTARY, OMAHA PUBLIC
SCHOOLS, CHI IMANNUEL HEALTH,
SCOTT, Officer; TANNER REISS, RAUN L.
ELLEB, BENJAMIN WEIDNER, AUSTIN
BECK, LUCIANO S. RIZZO, NOAH
ZENDEJAS, and DOUGLAS E. JOHNSON,

Defendants.

**8:24CV474**


**ORDER ADDRESSING PLAINTIFF'S
AUTHORIZATION TO PROCEED IN
FORMA PAUPERIS**

*Pro se* plaintiff Isaiah Hood-Bey filed a notice of appeal in this case on June 22, 2025, but he did not pay the filing fee for an appeal. Filing 82. Hood-Bey also filed a Motion to Proceed In Forma Pauperis on Appeal. Filing 82-3. For the reasons below, Hood-Bey's Motion is denied, and he is not authorized to appeal in forma pauperis.

Under Federal Rule of Appellate Procedure 24, a party who was not previously permitted to proceed in forma pauperis in the district court action but who desires to appeal in forma pauperis must file a motion in the district court and attach an affidavit that does the following:

1

**(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

**(B)** claims an entitlement to redress; and

**(C)** states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1)(A)–(C). Although Hood-Bey has filed various documents along with his Motion to Proceed In Forma Pauperis on Appeal, none of these documents "show[ ] in the detail prescribed by Form 4 of the Appendix of Forms [his] inability to pay or to give security for fees and costs." *Id.* Hood-Bey is thus ineligible for in forma pauperis status on appeal on this ground alone.

Hood-Bey is also ineligible to appeal in forma pauperis under 28 U.S.C. § 1915(a) because his appeal is not taken in good faith. Section 1915(a)(3) states that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958). An appeal is frivolous when none of the legal points are arguable on their merit. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006). And while such a finding should be made only in extreme circumstances, it is proper when a party attempts to appeal from an order that is clearly not appealable. *See Cohen v. Curtis Publ'g Co.*, 333 F.2d 974, 978–79 (8th Cir. 1964).

Here, Hood-Bey seeks to appeal from the Court's April 22, 2025, Memorandum and Order dismissing most but not all of Hood-Bey's claims, Filing 73, and the Court's June 3, 2025, Memorandum and Order denying reconsideration of a different order dismissing 18 unserved defendants, Filing 81. Filing 82-3 at 1. Both orders are interlocutory orders that are not "final decisions" capable of appeal under 28 U.S.C. § 1291. *See Mathers v. Wright*, 636 F.3d 396, 398

(8th Cir. 2011) ("An order dismissing some but not all claims is not final and not immediately appealable."); *Bullock v. Baptist Mem'l Hosp.*, 817 F.2d 58, 59 (8th Cir. 1987) ("An order dismissing a complaint as to fewer than all defendants is of course not a final order within the meaning of § 1291 of the Judicial Code."). Moreover, neither order falls within the narrow class of appealable interlocutory orders under 28 U.S.C. § 1292(a).

Hood-Bey has also failed to argue—much less sufficiently demonstrate—that this case "is an exceptional one in which immediate appeal is warranted" under 28 U.S.C. § 1292(b). *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). Pursuant to § 1292(b), an order that is not otherwise appealable will be certified for appeal only when the district court is "of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Id.* at 377 (internal quotation marks omitted) (quoting *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979)). Even if Hood-Bey had argued for certification under § 1292(b), the Court concludes that this case is not an "exceptional [one] where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases." *White*, 43 F.3d at 376 (internal quotation marks and citations omitted). Neither order that Hood-Bey seeks to appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal would not materially advance the termination of this litigation. Additionally, Hood-Bey has not even attempted to argue that certification for appeal would be appropriate on any other grounds, such as under Federal Rule of Civil Procedure 54(b), which states that "[w]hen  an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed.

R. Civ. P. 54(b). Regardless, the Court declines to find that there is no just reason for delay in this case.

Because Hood-Bey is attempting to appeal from orders that are not appealable, the Court certifies that his appeal is not taken in good faith. Accordingly,

IT IS ORDERED that Hood-Bey's Motion to Proceed In Forma Pauperis on Appeal, Filing 82-3, is denied, and Hood-Bey is not authorized to appeal in forma pauperis.

Dated this 24th day of June, 2025.

BY THE COURT:

Brian C. Buescher
United States District Judge