IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ISAIAH HOOD-BEY,

Plaintiff,

vs.

SCOTT, Officer,

Defendant.

**NO. 8:24CV474**

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case is before the Court on the June 24, 2026, Findings and Recommendation of United States Magistrate Judge Ryan C. Carson. Filing 96. In 2024, *pro se* plaintiff Isaiah Hood-Bey filed two separate lawsuits—Case No. 8:24CV474 and Case No. 8:24CV255—against 34 total defendants, many of whom Hood-Bey failed to properly serve with process. As for the remaining defendants, the Court previously ruled that Hood-Bey failed to state claims against all but one. *See generally* Filing 73. In an April 22, 2025, Order, the Court *sua sponte* stayed Hood-Bey's Fourth Amendment excessive force claim against defendant "Officer Scott" after determining that Hood-Bey's claim was "related to rulings that w[ould] likely be made" in the five state criminal prosecutions underlying Hood-Bey's federal lawsuits: *State v. Isaiah Hood*, Case No. CR23-6798; *State v. Isaiah R Hood*, Case No. CR24-4952; *State v. Isaiah R Hood*, Case No. CR24-5367; *State v. Isaiah R Hood*, Case No. CR24-20084; and *State v. Isaiah R Hood*, Case No. CR25-1622. Filing 73 at 31 (quoting *Wallace v. Kato*, 549 U.S. 384, 393 (2007)). The Court ordered Hood-Bey to "notify this Court in writing concerning the final disposition of the criminal charges pending against

him within thirty (30) days after final disposition of the charges is made." Filing 73 at 36. Hood-Bey has not done so.

Judge Carson has reviewed the dockets for the five state criminal prosecutions against Hood-Bey. Filing 96 at 2–3. All five cases were closed in March of 2026, but Hood-Bey has failed to comply with the Court's order, as he has failed to notify the Court in writing concerning the final disposition of each case. Accordingly, Judge Carson recommends that the Court dismiss Hood-Bey's claims in their entirety for Hood-Bey's failure to comply with the Court's orders and failure to progress his own case. Filing 96 at 3–4. Judge Carson notified the parties of the consequences of failing to file a timely objection to the Findings and Recommendation. Filing 96 at 4. No party has filed objections to the Findings and Recommendation within the time allowed by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), a district court must review de novo the parts of a magistrate judge's findings and recommendation on a dispositive or non-dispositive matter to which timely objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *accord Gonzalez-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections. . . ."). On the other hand, neither the applicable statute, rule, nor case law requires the Court to conduct a de novo review of a magistrate judge's findings and recommendation when no objections are filed. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining that

nothing in § 636(b)(1) requires a district judge to apply some lesser standard of review than de novo when no objections are filed). Nevertheless, the Court deems it prudent to review findings and recommendations to which no objections are filed at least for clear error. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*; Fed. R. Civ. P. 72(b)(3).

The Court has reviewed the record and finds no error—clear or otherwise—in Judge Carson's Findings and Recommendation. *See Grinder*, 73 F.3d at 795. Accordingly,

IT IS ORDERED that

1. The Court accepts Judge Carson's Findings and Recommendation, Filing 96, in its entirety pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3);

2. Plaintiff Isaiah Hood-Bey's sole remaining claim against defendant Officer Scott is dismissed for the reasons stated in Filing 73; and

3. This case is dismissed in its entirety.

Dated this 6th day of August, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge